UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC RODNEY HILL,<br><br>       Petitioner<br><br>v.<br><br>SUPERIOR COURT FOR THE<br>DISTRICT OF COLUMBIA, et al.,<br><br>       Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:24-cv-00183 (UNA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for writ of habeas corpus ("Pet."), ECF No. 1, pursuant to 28 U.S.C. § 2254, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, it dismisses the case without prejudice.

Petitioner challenges the constitutionality of a jury trial held in the Superior Court for the District of Columbia, and his resulting conviction and sentence, suing the Superior Court and the judge who presided over those criminal proceedings. *See* Pet. at 1–2. More specifically, he alleges that the presiding judge (1) exhibited bias and obstructed justice; (2) improperly allowed the testimony of an unreliable key witness, and; (3) unfairly prohibited him from contesting the prosecution's evidence, including introducing body-cam footage. *See id*. at 1–2, 8, 10, 17. He demands that this court overturn his conviction and release him from custody. *See id*. at 18.

First, as a general rule, applicable here, this court lacks jurisdiction to review the decisions or to enjoin the actions of the D.C. Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (relying on *District of Columbia Court*

*of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals, a fact which petitioner seems to acknowledge. *See* Pet. at Exhibits ("Exs."), ECF No. 1-1, at 1–2.

Second, D.C. Code § 23-110, in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Although petitioner discusses, in passing, his challenges in pursuit of a direct appeal, *see* Exs. at 1–2, he does not address any efforts that he has made, if any, in pursuit of post-conviction relief pursuant to § 23-110, let alone establish that such remedy was somehow inadequate or ineffective. Indeed, per his own attestations, it does not appear that he ever pursued any such efforts. *See* Pet. at 5–16.

For these reasons, this habeas action will be dismissed without prejudice for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order accompanies this memorandum opinion.

Date:  April 15, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge